WILLIAM McCRAW,
ATTORNEY GENERAL

SCOTT GAINES,
FIRST ASSISTANT

RUTH MYERS,
CHIEF CLERK

ASSISTANTS

JOE J. ALSUP
VICTOR W. BOULDIN
J. K. BROADHURST
WM. M. BROWN
H. GRADY CHANDLER
VERNON COE
WILLIAM C. DAVIS
L. S. DUKE
WM. MADDEN HILL
W. J. (DICK) HOLT
W. J. KEMP
C. M. KENNEDY
LEONARD KING
GEORGE P. KIRKPATRICK
SAM LANE



# OFFICE OF THE ATTORNEY GENERAL

## AUSTIN

JOHN McKAY
ROBERT W. McKISSICK
WILLIAM McMILLAN
M. C. MARTIN
HENRY S. MOORE
T. F. (TED) MORROW
JAMES N. NEFF
PAT M. NEFF, JR.
PHIL OVERTON
J. W. PEAVY
HARRY S. POLLARD
W. B. POPE
RUSSELL RENTFRO
TOM D. ROWELL
CHARLES RUTTA
ALFRED M. SCOTT
JOE SHARP
DICK STOUT
EARL STREET
MARVIN TREVATHAN
FRED C. VARNER, JR.
EFFIE WILSON-WALDRON
WALKER
CHARLES B. WALKER
H. L. WILLIFORD

May 6, 1939

Honorable S. B. Buchanan, Jr.
County Attorney
Val Verde County
Del Rio, Texas

Dear Sir:

Opinion No. O-844
Re: Is Council No. 18 of the League
of United Latin American Citizens,
or a traveling show employed by
them liable for the occupation
tax levied by Section 22a, Art-
icle 7047 as amended Vernon's
Annotated Civil Statutes, or Sec-
tion 19, Article 7047a, Vernon's
Annotated Civil Statutes under
the facts and circumstances out-
lined?

Under date of April 13, 1939, you submit for the opin-
ion of this Department the following inquiry and supporting fact
situation, which we quote from your letter:

"A question has arisen as to whether Council
No. 18 of the League of United Latin American
Citizens or a traveling show they employed are
subject to the occupation tax under the follow-
ing facts.

"The League of United Latin American Citizens
is a Civic, Patriotic and Educational Organization
with subordinate councils in Texas, New Mexico,
Colorado, California and other states. Council No.
18 in an attempt to and being desirous of creat-
ing a Student Loan Fund for students desiring to
go to universities or colleges employed a travel-
ing roadshow. The show was being sponsored by
Council No. 18 and the performances given in
Lulae Hall which is owned by Council No. 18.
The hall was not rented to the traveling show.

The traveling show uses no tent or other struc-
ture which they carry with them but in travel-
ing from place to place show in regularly licens-
ed theaters. The show is not a concert nor do
they have musical entertainment. They are engag-
ed in the presentation of drama and other amuse-
ments. The League is not engaged in business for
private profit nor is Council No. 18. The re-
ceipts of the show, with the exception of the
paying of the expenses of the people performing
amounting to about 70% of the total proceeds,
were for the benefit of the Student Loan Fund."

Article 7047, Section 22a, Vernon's Annotated Civil
Statutes, and Article 7047a, Section 19 are the only sections
of our occupation tax laws which could have any possible applica-
tion to shows or dramatic presentations of the type and character
outlined in the above factual statement, but we are of the op-
inion that, by reason of the exemption features hereinafter dis-
cussed, neither Council No. 18 of the League of United Latin Am-
erican Citizens nor the traveling show employed by such league,
would be subject to the occupation tax levies made thereby.

Considering first the liability of the traveling show
in question to the occupation tax levy embodied in Article 7047,
Section 22a, Vernon's Annotated Civil Statutes and Article 7047a,
Section 19, Vernon's Annotated Civil Statutes, we point out
that each of such tax levies falls upon the owner, proprietor,
or operator of an "opera house, theater, tent, airdome or other
structure where theatrical or dramatic presentations, musical
comedy shows, moving pictures or other entertainments or exhib-
itions are given" or upon and against the owner or operator of
"any place of amusement which charges a price or fee for admis-
sion, including exhibitions in theaters, motion picture theaters,
opera house, etc.". In other words, the tax is levied against
the owner, operator or proprietor of an established or fixed
place of amusement such as a theater building or opera house,
rather than upon the show, performance or exhibition, whether
one or many. It appearing from the facts submitted that the
traveling show in question possessed and used no tent or other
structure in which to give their performances as they travel from
place to place, but gave their performances in regularly licensed
theaters or opera houses in the various localities, and it fur-
ther appearing that Lulac Hall, in which these particular perfor-
mances were given, was not rented to this traveling show, so as

Honorable S. B. Buchanan, Jr., May 6, 1939, Page 3

to give them any rights of control or possession thereof, we think it follows that such traveling show was not within the intendment of these tax measures so as to be liable for the tax thereby imposed.

With reference to the liability of Council No. 18, League of United Latin American Citizens to the taxes levied by these pertinent occupation tax statutes, it appears from your communication that Lulac Hall, where the performances of this traveling show were given, was owned by said Council No. 18, League of United Latin American Citizens, so as, conversely to the above proposition, to visit liability upon such organization for the occupation taxes in question, unless such organization is plainly removed from the scope andpurview of such tax measures by other provisions thereof.

In this connection we find such expressed exemption from the incidence of the occupation tax levied by Article 7047, Section 22a, Vernon's Annotated Civil Statutes, in the following language:

"Said annual tax shall be collected from the owner, proprietor of every opera house, theatre, tent, airdome or other structure where theatrical or dramatic presentations, musical comedy shows, moving pictures or other amusements, entertainments or exhibitions are given for private profit in such cities, towns or villages of the sizes aforesaid; . . . . ."

Adverting now to the other pertinent tax measure, to-wit, Article 7047a-19, Vernon's Annotated Civil Statutes, we find that exemption is likewise afforded from the tax thereby levied under the following language:

". . . .provided, however, no tax shall be levied under this Act on any admission collected for dances, moving pictures, operas, plays, and musical entertainments, all the proceeds of which inure exclusively to the benefit of State, religious, educational, or charitable institutions, societies, or organizations, -- if no part of the net earnings thereof inures to the benefit of any private stockholder or individual; . . . . . . ."

Under the facts of the instant inquiry all net profits or proceeds from the activities of Council No. 18, League of United Latin American Citizens, in sponsoring these traveling shows in Muloc Hall are used solely to create and maintain a Student Loan Fund. That such laudable purpose and activity brings the organization in question within the limit of the foregoing exemption, running to educational or charitable institutions or societies, or other non-profit organizations, cannot be gainsaid.

Regarding the tax levied by Article 7047a, Section 19, Vernon's Annotated Civil Statutes, an additional and independent exemption is afforded this organization, in that the admission charged is, according to your letter, less than fifty-one cents per person.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Pat M. Neff, Jr.
Assistant

PMN:N

APPROVED

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS